57 F.3d 1085
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert A. CSIGI, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3245.
 United States Court of Appeals, Federal Circuit.
 June 14, 1995.
 
 Before MAYER, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert A. Csigi petitions for review of the October 27, 1994 initial decision of the Merit Systems Protection Board (MSPB or Board), No. NY-0752-92-0500-I-2, dismissing his appeal from his removal from service with the United States Postal Service. The initial decision became the final decision when the full Board denied review on January 17, 1995. Because Csigi failed to allege facts that would show that his resignation was involuntary and the Board lacked jurisdiction over a voluntary resignation, we affirm.
 
 BACKGROUND
 
 2
 On April 20, 1992, the Postal Service removed Csigi from his position as a Facilities Service Engineer for accepting gratuities from contractors, making unauthorized contractual commitments, submitting false work orders, and conducting himself in a manner which created the appearance of a conflict of interest. Csigi appealed his removal, and then motioned the Administrative Law Judge (AJ) to dismiss his appeal pending resolution of criminal charges stemming from the same transactions under 18 U.S.C. Sec. 641 for embezzlement of United States funds. The AJ granted his motion on November 19, 1992 without prejudice with leave to file no later than twenty days after the resolution of criminal charges.
 
 
 3
 As part of the resolution of criminal charges, Csigi signed an Agreement for Pretrial Diversion with the United States Attorney's Office, wherein the United States promised not to prosecute Csigi under 18 U.S.C. Sec. 641 if he completed the terms of the agreement over the succeeding twelve months. In return Csigi promised, inter alia, to resign, without condition, from the Postal Service:
 
 
 4
 (7) You agree to resign, without condition, from the United States Postal Service, and you agree not to apply for or accept any position with the United States Postal Service.
 
 
 5
 Pursuant to the Pretrial Diversion Agreement, the Postal Service removed Mr. Csigi from its rolls in June 1993, and Csigi complied with the terms of the agreement for the next twelve months. On May 19, 1994, the Pretrial Services Agency informed Csigi that it had certified his completion of the program. On May 24, 1994, Csigi requested reinstatement to a position in the Postal Service. Csigi did not attempt to refile his earlier MSPB appeal, however, until September 24, 1994.
 
 
 6
 On October 27, 1994, the AJ issued an Initial Decision dismissing Csigi's appeal for lack of jurisdiction. He found that Csigi resigned "without condition," that his resignation was in fact voluntary because he ratified his assent to resign without condition by accepting the fruits of his Pretrial Diversion Agreement, and that, therefore, Csigi had waived Board jurisdiction. Because Csigi did not allege that his agreement was involuntary, but that the completion of the conditions of the pretrial diversion program entitled him to renew his prior action contesting his removal, the AJ found that Csigi failed to plead facts which, if true, would establish the Board's jurisdiction, and dismissed the case without a hearing on the issue of jurisdiction. Csigi petitioned for review to the Board, which issued an order denying review on January 17, 1995. This appeal followed.
 
 DISCUSSION
 
 7
 We affirm a decision of the Board unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 8
 Under 39 U.S.C. Sec. 1005(a)(4) (1988) and 5 U.S.C. Sec. 7701 (1994), the MSPB has jurisdiction over appeals by Postal Service employees challenging specific adverse actions, including removals. Resignations are presumed to be voluntary. Cruz v. Department of the Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991), citing Christie v. United States, 518 F.2d 584, 587, 207 Ct.Cl. 333, 338 (1975). A voluntary employee action does not invoke the procedures and rights that the Civil Service Reform Act mandates for an adverse agency action. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed.Cir.1990). Only if the employee can demonstrate that the resignation was involuntary, must it be treated as an adverse action, invoking the Act and allowing appeal to the MSPB. Id. A resignation is not voluntary where an agency imposed the terms of the resignation, the employee's circumstances permit no alternative but to accept, and those circumstances were the result of improper acts of the agency. Id.
 
 
 9
 On appeal Csigi argues that the AJ incorrectly relied on the Pretrial Diversion Agreement to conclude that his resignation was voluntary and that the agency coerced his resignation because "the terms of the resignation were imposed." Therefore, he argues that he was entitled to a hearing in which he could challenge the basis of the agency's removal action in an attempt to show that the resignation was a product of agency coercion.
 
 
 10
 To receive a hearing, however, Csigi had to make non-frivolous allegations which, if proven, could support a claim that the Postal Service knew or should have known that his removal could not be substantiated or that an arguable basis for a removal did not exist. See Schultz v. United States Navy, 810 F.2d 1133, 1136-37 (Fed.Cir.1987). In this case, although the terms of the agreement were outlined by the United States Attorney's Office, they were not "imposed" by the agency. Indeed, Csigi did not plead any specific wrongful acts by the agency, but only argued conclusively that the agency lacked an arguable basis for its removal action. Moreover, the AJ found that Csigi freely chose to enter into the Pretrial Diversion Agreement to avoid criminal prosecution. The fact that criminal prosecution was an unpleasant alternative, does not of itself detract in any way from the voluntariness of his agreement to resign. See Cruz, 934 F.2d at 1245. The AJ also found that Csigi completed the agreement and pursuant thereto the government did not prosecute.
 
 
 11
 Because the AJ's rulings are not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, and are in accordance with the law, and because the Board does not have jurisdiction over voluntary resignations, we affirm the Board's dismissal of the appeal.